**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SIOUX CITY STOCKYARDS, A DIVISION OF CANAL CORPORATION, Respondent.**

No. 89–1808.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1990.

Decided April 17, 1990.

Julie Brock Briodo, Washington, D.C., for petitioner.

Soren S. Jensen, Omaha, Neb., for respondent.

Before ARNOLD and FAGG, Circuit Judges, and BRIGHT, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of an order it issued against Sioux City Stockyards. Sioux City argues that the Board has misapplied the law as set out in *NLRB v. Truitt Mfg. Co.*, 351 U.S. 149, 76 S.Ct. 753, 100 L.Ed. 1027 (1956). The order is enforced.

In November of 1986 Sioux City and its employees' union began collective-bargaining negotiations to replace the then-existing agreement, due to expire on January 25, 1987. At the outset Sioux City's representatives informed the Union that they would not agree to retain a guarantee that all workers would work a minimum of 40 hours a week. At the same time, the respondents noted that the yard's "receipts" were continuously declining, and that the yard was not making as much money as it should. After several meetings, the Union requested that Sioux City disclose certain financial data to back up its objection to eliminate the work-week guarantee. Sioux City denied the request on the grounds that it had not pleaded poverty, or said it could not pay, and therefore was not required to open its books. The Stockyards then declared an impasse and implemented the terms and conditions it had originally proposed in negotiations.

The Union filed a charge with the Board, alleging that Sioux City had engaged in an unfair labor practice in violation of § 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) and (1), by failing to provide the requested financial data. An administrative law judge found that Sioux City had not violated the Act, because its request was based on efficiency considerations, not on an inability to pay. The Board, however, reversed that decision, finding that Sioux City had violated the Act. Specifically, it found that respondents had linked the request for eliminat-

ing the work-week guarantee with their financial status and therefore must provide data on that status under *Truitt.* The Board ordered Sioux City to supply the Union with the requested financial data and to continue bargaining. The Board now comes before us seeking enforcement of that order.

The order is enforced. The Board made no findings of fact that are not supported by the record. Likewise, its interpretation of *NLRB v. Truitt Mfg. Co.,* 351 U.S. 149, 76 S.Ct. 753, 100 L.Ed. 1027 (1956), is reasoned and within the area of expertise that Congress has conferred upon the Board.